UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. TODD JENKS,<br><br>    Plaintiff,<br><br>  v.<br><br>DLA PIPER LLP (US), et al.,<br><br>    Defendants. | Case No. 15-cv-00254-VC<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING WITHOUT PREJUDICE THE REMAINING MOTIONS**<br><br>Re: Dkt. No. 11 |

In this lawsuit, Jenks alleges that DLA Piper violated ERISA by, among other things, misclassifying him under the firm's 2005 UNUM long term disability policy. DLA Piper has moved to dismiss on the ground that Jenks "waived" the ERISA claims because he asked an arbitrator to decide them and because she decided them adversely to him. DLA Piper alternatively moves to dismiss for failure to state a claim. As a third alternative, DLA Piper moves to stay the case pending the outcome of Jenks' appeal in a prior related case. Finally, it moves to join UNUM as a necessary party. As discussed below, the motion to stay the case is granted, and the remaining motions are dismissed without prejudice to refiling them when the stay is lifted.

1. In the prior related case, Jenks petitioned this Court to set aside the arbitrator's ruling on the ground that she misapplied ERISA. Among his arguments in the prior case was that the arbitrator misapplied ERISA when she denied his request for a declaration of his rights under the 2005 UNUM policy. This Court dismissed the petition for lack of subject matter jurisdiction, concluding that Jenks' allegations that the arbitrator manifestly disregarded federal law were, on the face of the petition, patently without merit. If it turns out, contrary to this Court's ruling in the prior case, that there is federal jurisdiction over the petition to set aside the arbitration, the issues presented by that petition and by this lawsuit will be best adjudicated together.

1    Furthermore, the Ninth Circuit's upcoming ruling on this Court's dismissal of the prior case
2    could have an impact on this case. As mentioned above, in the first lawsuit this Court concluded
3    that Jenks' allegations that the arbitrator manifestly disregarded ERISA law were, on the face of
4    the petition, patently without merit. In that case, the Court (and the parties) neglected to focus on
5    the possibility that the arbitrator should be deemed not to have ruled on the ERISA issues relating
6    to the UNUM policy. But now that DLA Piper has made a "waiver" argument in this case, Jenks
7    contends that the arbitrator did not actually decide the ERISA issues relating to the UNUM policy.
8    He might be right about that, although the arbitrator's ruling is unclear on the point. If the
9    arbitrator's ruling is best understood as not having decided the ERISA issues relating to the
10   UNUM policy, presumably this would have been an additional reason to dismiss the petition to set
11   aside the arbitration for lack of jurisdiction, at least to the extent the allegations of manifest
12   disregard of federal law related to the UNUM policy.

13   The central ERISA dispute in the current case is whether Jenks is properly classified under
14   the UNUM policy. That dispute will only have significant practical consequences if the plan
15   administrator determines that Jenks is no longer disabled from performing "any occupation," but
16   that he continues to be unable to perform his "own occupation." If the plan administrator makes
17   such a determination, Jenks may file a motion to lift the stay, even if the Ninth Circuit has not yet
18   decided his appeal in the prior case.

19   2. The motion to dismiss the complaint on the "waiver" grounds is denied without
20   prejudice to raising the issue again after the stay is lifted. As mentioned above and as discussed
21   more extensively at the hearing, there is a reasonable argument that the arbitrator didn't rule on
22   these claims. If that is correct, DLA Piper would not have an argument that Jenks "waived" his
23   claims in this lawsuit by presenting them to the arbitrator and receiving an adverse ruling on them.
24   But since this case is being stayed, it is better to defer this question until after the Ninth Circuit
25   issues its ruling in the prior case.

26   It bears noting that doctrines other than "arbitration waiver" could warrant dismissal of this
27   lawsuit based on Jenks' prior litigation conduct, even if it is ultimately determined that the
28   arbitrator did not rule on the ERISA claims relating to the UNUM policy. For example, as

United States District Court
Northern District of California

discussed above, in his prior action to set aside the arbitrator's ruling, Jenks asserted that the arbitrator manifestly disregarded federal law in ruling against him on claims relating to the UNUM policy.  It seems strange that Jenks could, after making such an argument, turn around and file a new lawsuit based on the premise that the arbitrator didn't decide those issues.  It also may be that, if the arbitrator truly failed to rule on the UNUM claims, Jenks was required to raise this failure in state court.  But DLA Piper's motion to dismiss this lawsuit on procedural grounds is limited to the argument that Jenks "waived" his claims relating to the UNUM policy because he had previously submitted them to the arbitrator and lost.

   3.  The motion to dismiss for failure to state a claim is denied without prejudice to renewing it after the stay is lifted.

   4.  The motion to join UNUM as a necessary party is denied without prejudice to renewing it after the stay is lifted.

**IT IS SO ORDERED.**

Dated: June 3, 2015

_____
VINCE CHHABRIA
United States District Judge

3