Richard Johnston – SBN 124524
Johnston Law Office
131A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 939-5299
Facsimile (707) 837-9532
RichardJohnstonEsq@gmail.com

*Attorney for Plaintiff
M. Todd Jenks*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. TODD JENKS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DLA PIPER LLP (US); DLA RUDNICK GRAY CARY US LLP PLAN # 525,<br><br>    Defendants. | Case no. 3:15-cv-00254-VC<br><br>PLAINTIFF TODD JENKS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION RE MOTION TO SEAL OR, IN THE ALTERNATIVE, REQUEST FOR CLARIFICATION OF ORAL ORDER DENYING MOTION TO SEAL<br><br>Date:<br>Time:<br>Courtroom:    4, 17th Floor |

**I.   Introduction and summary**

During the January 19, 2017 hearing on DLA Piper's motion for summary judgment, Dkt. 76, Jenks counsel noted that information disclosing Jenks' personal financial information had been filed, provisionally, under seal. The Court responded that there was no authority justifying sealing the information in question, and orally denied the motion to seal. Jenks had submitted authority to the Court, however, supporting his arguments respecting sealing, and seeks leave to move for reconsideration so that the sealing motion may be resolved with reference to the cited authorities. Alternatively, Jenks respectfully seeks clarification of the Court's oral order denying the motion to seal: was the Court denying a perceived oral motion made by Jenks counsel during the course of the hearing, or was the Court denying the formal motion to seal submitted by the parties during

1

*Motion for Leave to Seek Reconsideration of Order on Sealing Motion —
Case no. 3:15-cv-000254-VC*

December 2016?

**II.  Factual and Procedural Background**

DLA Piper filed its summary judgment motion on December 15, 2016. See Dkt. 58. Concurrently it filed an administrative motion to file certain parts of the record and certain parts of its points and authorities under seal. See Dkt. 57. DLA Piper sought to seal these materials because they had been produced under subpoena by UNUM Life Insurance Company of America, and UNUM had marked part of its document production as "confidential" under the terms of the Stipulated Protective Order signed by the Court on October 31, 2016. See Dkt. 53. The material DLA Piper sought to file under seal tracked UNUM's "confidential" designations.

On December 19, 2016, Jenks counsel filed a declaration responding to, and joining in, DLA Piper's sealing motion, as contemplated by Civil Local Rule 79-5(e). See Dkt. 62. Counsel asked that, should the Court decline to grant in full DLA Piper's sealing motion, it nonetheless seal particular passages in the subject materials that disclosed Jenks' personal financial information. See *id.,* ¶ 7. Counsel's declaration cited three cases in support of this request:

- *In re Boston Herald, Inc.,* 321 F.3d 174, 190 (1st Cir. 2003);
- *Horowitz v. GC Servs. Ltd. P'ship,* 2016 WL 7188238, *3 (S.D. Cal.); and
- *California Serv. Employees Health & Welfare Trust Fund v. Advance Bldg. Maint.,* 2007 WL 2669823, *2 (N.D. Cal.).

See *id.*

During the January 19 hearing, Jenks counsel remarked that information about Jenks' personal finances had been provisionally filed under seal. Commenting that there was "no authority" to support filing the subject information under seal, the Court orally denied the "motion to seal."

**III.  Discussion**

Under Civil Local Rule 7-9(b)(3), a party may seek reconsideration of an order "where there has been a manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court . . . ." *Montgomery v. PNC Bank,* N.A., 2012 WL 3670650, *2 (N.D.Cal.) (internal punctuation omitted); see also *North Pacifica, LLC v. City of Pacifica,* 234 F.Supp.2d 1053, 1056–57

2

*Motion for Leave to Seek Reconsideration of Order on Sealing Motion —*
*Case no. 3:15-cv-000254-VC*

(N.D.Cal. 2002), *aff'd,* 526 F.3d 478 (9th Cir. 2008) (court's prior ruling had been based on erroneous impression of scope of pertinent statutory scheme, constituting "manifest error" warranting reconsideration). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Walker v. Carnival Cruise Lines,* 107 F.Supp.2d 1135, 1138 (N.D.Cal. 2000). Jenks respectfully submits that he has satisfied that burden here.

    The Court's oral order denying the motion to seal was premised on a conclusion that there was no legal authority supporting the motion. Jenks had, however, submitted to the Court legal authority in support of his request that his personal financial information remain sealed. Jenks infers that, when the Court orally denied the motion to seal based on a lack of legal authority, it was not in that moment cognizant of the authority Jenks had submitted. Therefore Jenks seeks leave to move for reconsideration to allow for the Court's consideration of the submitted authority.

    Alternatively, Jenks surmises that the Court may have perceived counsel's comments during the hearing to be an oral motion to seal the information in question, and that the Court's oral denial was in response to that perceived oral motion. Counsel meant to refer to the previously submitted matter, however, and not to make a new motion to seal in the midst of the hearing. Therefore, in case the Court meant to deny an oral motion during the hearing, as distinguished from the formal motion previously filed by DLA Piper and joined in by Jenks, Jenks respectfully requests clarification of the order to that effect. If Jenks' surmise is correct, then the Court has not yet ruled on the parties' sealing motion filed in December, and in that case the instant motion for leave to file a motion for reconsideration is rendered moot.

Dated:  January 23, 2017

                                                          s/Richard Johnston
                                                          Richard Johnston
                                                          *Attorney for Plaintiff*
                                                          *M. Todd Jenks*